No. 570

AKRON (City) v. WIENER et.
19078. Supreme Court.
On motion to certify. Dock. April 17, 1925;
3 Abs. 265.

1113. STREETS:—1. Does the passage of an ordinance in conformation to plans of Commissioners as to approach of viaduct, said improvement resulting in a raise or change of grade of street, make city liable when property owner has suffered thereby?

2. Would action be one in tort or eminent domain, and are both city and Commissioners liable?

This action was instituted in the Summit Common Pleas by J. Harry Wiener against the City of Akron and the county board of Commissioners for damages alleged to have been sustained by him by reason of a change of grade of a street for the purpose of approaches to a newly constructed viaduct in said city. Wiener claimed that acess to his business building and lot was affected and interfered with by the approach as constructed by the county. The Common Pleas sustained a motion of the Commissioners to be dismissed from the case and the cause was tried against the city, against which Weiner recovered a $2000 verdict. Upon the trial the testimony showed that the only act the city ever did in connection with the change of grade was the passage of a new grade ordinance which conformed to the plans adopted by the Board of Commissioners as to the new and proper grade of the streets where the approach was to be constructed.

Error was prosecuted, and the city claimed that the Board of Commissioners should not have been dismissed from the case. The Court of Appeals held that the city and Board of Commissioners were liable as joint tortfeasors, and consequently the city could not complain because the trial court erroneously dismissed the Commissioners from the case. The judgment of the lower court was affirmed. From this decision the city brings the case to the Supreme Court and on its motion to certify contend:

That the County Commissioners, by statute, are clothed with authority to construct the viaduct; said power and authority was not in any way divided, and the county was in no way relieved from the consequences of its acts under said statutory powers, nor was the city of Akron burdened with any liability or responsibility to property owners who might suffer by reason of the construction of said viaduct or approaches thereto.

The trial court actually created a liability against the city where none otherwise existed, the court undertaking arbitrarily, to lift the liability from the shoulders of the county and place it upon the shoulders of the city. The trial court was of the opinion that the city was liable under 3714 G. C., which states that a city is bound to keep its streets free from nuisance. The city maintains that the performance of the county, being authorized by statute, cannot be held to be a nuisance, there being no negligence involved.

The city claims that what was actually and

## OHIO SUPREME COURT—Continued

physically done in regard to the changng or raising of the grade was a "taking" under the power of eminent domain; that it did not actually take Wiener's property, and that whatever it did was not in any way a part of the construction of the approach to the bridge.

It is conttnded that the theory of the Court of Appeals that the Board and the city were joint tort-feasors and liable as such was erroneous, and that the action is one not in tort but is for the taking of property and is species of eminent domain. There must therefore be made a clear case against the one who actually did the "taking."

In conclusion the city claims that; the mere adoption of an ordinance changing a grade gives no action to a property owner, and that both the city and county could not be liable. The one question involved is:

Is a municipality liable for damages to an abutting owner arising from the change of grade of a street, where the change of grade was made by County Commissioners in constructing a bridge and the approach thereto on a county road in such municipality, the only action taken by the municipality being the passage of the change of grade ordinance after the contract was let for said improvement by county commissioners?

Attorney:—H. M. Hagelbarger, C. T. Moore, W. A. Kelley for city; Wilcox, Berk, Cable & Berk for Wiener; J. Walter Booth, and H. W. Slabaugh for Commissioners. All of Akron.